**REED SMITH LLP**
*Formed in the State of Delaware*
Henry F. Reichner, Esquire
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
Tel. (215) 851-8100   Fax. (215) 851-1420
hreichner@reedsmith.com

Attorneys for Defendant Wells Fargo Bank, N.A.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES AND MELISSA ZEBROWSKI,   :  <br>                                  :  <br>               Plaintiffs,       :  <br>                                  :  <br>         v.                       :  <br>                                  :  <br> WELLS FARGO BANK, N.A., as successor :  <br> In interest to Wells Fargo Home Mortgage, :  <br>                                  :  <br>               Defendant.         :  <br>                                  : | DOCUMENT ELECTRONICALLY FILED <br><br> CIVIL ACTION NO. 07-5236 <br><br> ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFFS' FIRST AMENDED COMPLAINT |

Defendant Wells Fargo Bank, N.A. ("Defendant") answers the First Amended Complaint filed by Plaintiffs James and Melissa Zebrowski ("Plaintiffs") as follows:

1.   Admitted in part and denied in part.  It is admitted only that Plaintiffs seek various forms of relief under state and federal law.

2.   Admitted in part and denied in part.  It is admitted only that Plaintiffs premise jurisdiction on 28 U.S.C. §§ 1331, 1332, and 1367.

3.   Admitted, assuming the Court has jurisdiction.

4.   Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

5. Denied as stated. Wells Fargo Bank, N.A. is a national banking association organized under the laws of the United States; its charter designates South Dakota as the location of its main office. Wells Fargo Home Mortgage, Inc. at one point was an operating subsidiary of Wells Fargo Bank, N.A. Wells Fargo Home Mortgage, Inc. no longer exists as an independent entity but rather functions as an unincorporated division of Wells Fargo Bank, N.A. known as Wells Fargo Home Mortgage.

6. Admitted.

7. Denied.

8. Admitted in part and denied in part. The first sentence of this paragraph is admitted and it is admitted Defendant has copies of the loan documents in its possession. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of this paragraph to the extent they imply Plaintiffs no longer have copies of the loan documents.

9. Denied as stated. Real estate taxes due for January 3, 2003, should have been paid at the loan closing in December of 2002. They were not and, as a result, subsequent payments out of escrow were a quarter behind up until the beginning of 2005. At the beginning of 2005, Plaintiffs brought the tax payments current. Defendant reimbursed Plaintiffs for any penalties and late fees involved and agreed to delete the escrow without waiving its right under the loan documents to require an escrow in the future. Plaintiffs subsequently failed to pay the real estate taxes for October of 2005 and January of 2006, and Defendant sent two letters to Plaintiffs (January 10, 2006, February 16, 2006) seeking proof Plaintiffs had paid the delinquent taxes. Plaintiffs did not respond to these letters and Defendant notified Plaintiffs by letter dated March 13, 2006, that Defendant had made the delinquent tax payments, including late fees and penalties, and that

Defendant had re-established Plaintiffs' escrow account. Defendant thereafter provided Plaintiffs with their new monthly payment amount and Plaintiffs failed to make the required payments as and when due and, therefore, defaulted on their mortgage. Plaintiffs contacted Defendant and claimed that they had paid the real estate taxes. On July 10, 2006, Defendant discussed work out options with Plaintiffs and Plaintiffs were told that, to avoid foreclosure, they needed to delivery to Defendant by July 21, 2006, a cash payment of $5,100 as well as proof of payment of the taxes. Defendant followed up with reminder calls on July 12 and 15, 2006, as well as a confirmatory letter, but Plaintiffs did not comply with the terms to bring their loan current. As a result, a foreclosure action was commenced on August 4, 2006. Plaintiffs reinstated their loan in November of 2006, mooting the foreclosure action.

10. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

11. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

12. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

13. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

14. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

15. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

16. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

18. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

19. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

20. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

21. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

22. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

23. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

24. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

25. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

26. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

27. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

28. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

29. Denied as stated. Defendant incorporates by reference the averments of paragraph 18 above.

30. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

31. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

32. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

33. Denied.

34. Denied.

35. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to what Plaintiffs believed. By way of further response, Defendant incorporates by reference the averments of paragraph 9 above.

36. Denied.

37. Denied.

38. Denied.

39. Admitted, upon information and belief.

40. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to when they received the letter.

41. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to when they received the letter.

42. Admitted only that Plaintiffs contacted Defendant.

43. Denied that anyone stated "that this could be easily resolved."

44. Denied.

45. Denied.

46. Denied.

47. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

48. Denied.

49. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

50. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

51. Denied as stated. A reinstatement figure was forwarded to Plaintiffs on October 3, 2006.

52. Denied as stated. Defendant incorporates by reference the averments of paragraph 9 above.

53. Admitted.

54. Admitted.

55. Denied that anything was incurred solely due to Defendant's actions.

56. – 95. Denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the voluntary payment doctrine, the economic loss doctrine, and/or the gist of the action doctrine.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is time-barred.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by laches, estoppel, waiver, unclean hands, and/or ratification.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by the action of in actions of third parties on when Defendant had no control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' state law claims are preempted.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' federal claims are subject to an innocent error and/or bona fide error defense; Defendant had reasonable procedures in place.

### NINTH AFFIRMATIVE DEFENSE

Defendant had a permissible purpose to access credit information and/or made a reasonable investigation and/or furnished accurate information.

### TENTH AFFIRMATIVE DEFENSE

Avoidance of the mortgage lien would be inequitable; if Plaintiffs are entitled to rescind, any rescission should be conditioned on tender.

### ELEVENTH AFFIRMATIVE DEFENSE

Punitive damages would be unconstitutional under the facts of this case.

**WHEREFORE,** Defendant demands judgment in its favor and against Plaintiffs and for such further and additional relief as may be appropriate.

By: */s/ Henry F. Reichner*
Henry F. Reichner, Esquire
**Reed Smith LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

**REED SMITH LLP**
*Formed in the State of Delaware*
Henry F. Reichner, Esquire
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
Tel. (215) 851-8100   Fax. (215) 851-1420
hreichner@reedsmith.com

Attorneys for Defendant Wells Fargo Bank, N.A.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES AND MELISSA ZEBROWSKI,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>WELLS FARGO BANK, N.A., as successor<br>In interest to Wells Fargo Home Mortgage,<br><br>　　　　　Defendant. | DOCUMENT ELECTRONICALLY FILED<br><br>CIVIL ACTION NO. 07-5236<br><br>CERTIFICATE OF SERVICE FOR THE ANSWER AND AFFIRMATIVE DEFENSES OF WELLS FARGO BANK, N.A. TO PLAINTIFFS' FIRST AMENDED COMPLAINT |

　　　I HEREBY CERTIFY THAT, on March 6, 2009, I caused a copy of the Answer and Affirmative Defenses of Wells Fargo Bank, N.A. to Plaintiffs' First Amended Complaint to be served via regular mail upon counsel of record for Plaintiffs, addressed as follows:

> Matthew B. Weisberg, Esquire
> **Prochniak Weisberg, P.C.**
> 7 S. Morton Avenue
> Philadelphia, PA  19070

　　　　　　　　　　　　　　　　　　　　　/s/ *Henry F. Reichner*
　　　　　　　　　　　　　　　　　　　　　Henry F. Reichner