UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JAMES AND MELISSA ZEBROWSKI,** | : | DOCUMENT ELECTRONICALLY FILED |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. 07-5236 |
| **WELLS FARGO BANK, N.A., as successor in interest to Wells Fargo Home Mortgage,** | : | |
| Defendant. | : | |

**RESPONSE OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN DISPUTE**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), hereby responds to the numbered paragraphs of Plaintiffs' Statement of Material Facts in Dispute as follows:

1. Admitted.

2. Admitted.

3. Denied as stated. The letter sent by Mr. Zebrowski to Wells Fargo on August 24, 2006, is a writing which speaks for itself and any characterization thereof is denied. By way of further response, Plaintiffs are improperly attempting to assert a new theory of liability never previously raised in the Complaint, Amended Complaint, or at any time prior to the close of discovery. Nevertheless, (a) the letter was not a "qualified written request" ("QWR") as defined by the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e); (b) even assuming the letter was a QWR, Wells Fargo provided a timely response in compliance with RESPA; and (c) there is no evidence that any act or omission of Wells Fargo with respect to the letter caused Plaintiffs to suffer any actual damages. See Wells Fargo's Reply Memo. of Law.

4.	Denied as stated.  The letter sent to Plaintiffs by Wells Fargo dated September 8, 2006 is a writing which speaks for itself and any characterization thereof is denied.  By way of further response, Wells Fargo incorporates by reference the averments of paragraph 3 above and its accompanying Reply Memorandum of Law.

5.	Admitted.

6.	Admitted in part.  It is admitted only that as of September 1, 2006, loan payments were at least five (5) months delinquent.  The remaining averments of this paragraph are denied as conclusions of law.  By way of further response, Wells Fargo incorporates by reference the averments of paragraph 3 above and its accompanying Reply Memorandum of Law.

7.	Denied.  It is undisputed that Plaintiffs never actually made any full payments on the loan after May 1, 2006.  See Def.'s Statement of Material Facts ¶¶ 25-52 (admitted as true).  It is further undisputed that Wells Fargo advanced additional escrow amounts between May 1, 2006 and September 1, 2006.  See id. at ¶¶ 39-40.

8. - 11.	Denied as conclusions of law which require no response.  By way of further response, Plaintiffs' calculation fails to account for the fact that the escrow deficiency necessarily increased in the five (5) months following May 1, 2006, because Wells Fargo undisputedly advanced additional amounts to escrow for property taxes due August 2006 and October 2006 and, therefore, was permitted to collect additional advance amounts to cover the increased deficiency.  See 12 U.S.C. § 2609(a)(2); 24 C.F.R. § 3500.17(c)(1)(i).  By way of further response, Wells Fargo incorporates by reference the averments of paragraph 3 above and its accompanying Reply Memorandum of Law.

- 3 -

12.     Denied.  Plaintiffs did not reinstate the loan until November 13, 2006, pursuant to an updated reinstatement quote provided on or about November 11, 2006.  See Golden Aff. Ex. N.  **It is undisputed that the amount actually paid by Plaintiffs was the amount required to bring the loan current**.  See Def.'s Statement of Material Facts ¶ 52 (admitted as true).  By way of further response, Wells Fargo incorporates by reference the averments of paragraph 3 above and its accompanying Reply Memorandum of Law.

13.     Denied as a conclusion of law.  By way of further response, Wells Fargo incorporates by reference the averments of paragraph 3 above and its accompanying Reply Memorandum of Law.

14.-15.     Denied.  There is no evidence of record to support Plaintiffs' claim that Wells Fargo negatively reported Plaintiffs to the credit reporting agencies between August 22, 2006 and November 13, 2006.  By way of further response, Wells Fargo incorporates by reference the averments of paragraph 3 above and its accompanying Reply Memorandum of Law.

### DEFENDANT'S SUPPLEMENTAL STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.     In November 2008, Wells Fargo commenced a foreclosure action with respect to the Mortgage at issue in the Superior Court of New Jersey, Gloucester County (case no. F-45262-08) (the "Foreclosure Case").  See Foreclosure Case Docket, attached hereto as Exhibit 1.[1]

---

[1]     The docket and judgment in the Foreclosure Case is subject to judicial notice because it is a matter of public record.  See Lal v. Nix, 935 F. Supp. 578, 579 (E.D. Pa. 1996) (considering state supreme court docket sheet as a matter of public record).

- 4 -

2.	Plaintiffs did not assert any of the claims raised in this case by way of defense or counterclaim in the Foreclosure Case.  <u>See</u> Foreclosure Case Docket.

3.	A final default judgment was entered in favor of Wells Fargo in the Foreclosure Case on November 16, 2009 (after Wells Fargo had filed its Motion for Summary Judgment in this case).  A true and correct copy of the final judgment in the Foreclosure Case is attached hereto as Exhibit 2.

4.	Plaintiffs' Complaint and Amended Complaint (<u>see</u> Def.'s Mot. Summary Judgment, Exs. 1-2) do not include any allegations that Wells Fargo violated RESPA's provisions relating to a loan servicer's duties upon receipt of a QWR (<u>see</u> 12 U.S.C. § 2605).

5.	In fact, the Complaint and Amended Complaint do not allege that Plaintiffs sent Wells Fargo a QWR at any time, or that Wells Fargo failed to adequately respond to any QWRs sent by Plaintiffs.

6.	Plaintiffs did not move to amend the Amended Complaint prior to the close of discovery to advance a RESPA claim against Wells Fargo based on a purported inadequate response to an alleged QWR.

- 5 -

        Respectfully submitted,


        *s/ Nipun J. Patel*
        Henry F. Reichner
        Nipun J. Patel
        **REED SMITH LLP**
        2500 One Liberty Place
        1650 Market Street
        Philadelphia, PA 19103-7301
        Telephone:  (215) 851-8100

        *Attorneys for Defendant*
        *Wells Fargo Bank, N.A.*

Dated: February 23, 2010